CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Tallulah Costa
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 7:25-CR-11 |
| | ) |
| WENDELL ANTONIO JOHNSON, | ) |
| et al., | ) |

### MEMORANDUM OPINION

The United States noticed its intent to introduce at trial "other acts" evidence as to defendant Wendell Johnson under Rule 404(b) of the Federal Rules of Evidence. Dkt. 65. Johnson objects to the notice, asserting that the proposed evidence is irrelevant, unnecessary, unreliable and prejudicial. Dkt. 71.

**I.      Background**

Johnson and co-defendant John Glass are charged with conspiracy to distribute cocaine and fentanyl and possession of cocaine and fentanyl with the intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Dkt. 27. The government alleges that, beginning in October 2024 and continuing through February 2025, Johnson recruited Glass as a courier to transport cocaine and fentanyl cross-country. The government's case centers on a search conducted at Johnson's house in February 2025, shortly after Glass arrived by car from a cross-country trip and brought two bags from his car into Johnson's house. Officers executing the search warrant discovered that the bags contained eight bricks of cocaine and two bricks of fentanyl.

The government seeks to introduce evidence of Johnson's prior drug trafficking as evidence at trial. Specifically, the government seeks to introduce the following proposed evidence:

1) In December 2019, while incarcerated on drug-related charges, Johnson facilitated the mailing of parcels containing methamphetamine from California to addresses in Roanoke, Virginia. Johnson arranged for C.M. to pick the parcels up for distribution. After the meth was picked up and sold, C.M. was directed to give the money to Johnson's girlfriend.

2) In February 2022, M.S. was stopped and arrested in Tennessee while returning from California with large amounts of cocaine, meth and fentanyl stashed in hidden compartments in her vehicle. Johnson sent M.S. to California as a courier multiple times to acquire drugs and transport them back, and he paid her for each trip.

3) In July 2024, R.C. was driving a car registered to Johnson and was stopped at a truck stop in Georgia when investigators searched the car and found three bricks of cocaine. Johnson and R.C. met up before R.C. left for Georgia. After R.C. was stopped and arrested, Johnson reported the vehicle R.C. was driving as stolen.

4) In September 2024, Johnson and S.D. rented a car in Johnson's name. S.D. drove the vehicle to California and was stopped by officers in Texas on the return trip. Officers found seven bricks of cocaine and a brick of suspected fentanyl in the car.

The government argues that these prior acts are admissible to show Johnson's intent, motive, knowledge, and absence of mistake or accident relating to his possession and intent to distribute cocaine and fentanyl as charged in the indictment. The government argues that these

past actions are especially relevant and necessary because Johnson alleges that he was unaware that the bags co-defendant Glass brought into Johnson's house contained narcotics.

II. **Legal Standard**

Federal Rule of Evidence 404(b) provides:

Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). The Fourth Circuit analyzes four factors to determine whether evidence of other crimes or bad acts is admissible under Rule 404(b). To be admissible, the prior bad act must be (1) relevant to an issue other than character, (2) necessary to prove an element of the charged offense, (3) reliable, and (4) more probative than prejudicial. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997).

The Rule 404(b) inquiry does not apply to evidence that is intrinsic to the offenses charged. *United States v. Siegel*, 536 F.3d 306, 315–16 (4th Cir. 2008). An act is intrinsic to the charged crime if it arose out of the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial. *Id.* at 316 (quoting *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994)); *United States v. Cooper,* 482 F.3d 658, 663 (4th Cir. 2007) (explaining that evidence of bad acts that "provide[s] context relevant to the criminal charges" is admissible without consideration of the requirements of Rule 404).

Regardless of whether evidence is intrinsic or extrinsic, the probative value of the other acts evidence must not be substantially outweighed by the danger that it will cause unfair prejudice, confuse the issues, or mislead the jury; or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

### III.    Analysis

#### a.  Intrinsic or Extrinsic

The government argues that the most recent prior acts—the July 2024 incident with R.C. and the September 2024 incident with S.D.— are intrinsic to the charged conspiracy. The government asserts that R.C. and S.D. worked as couriers for Johnson in the months leading up to Glass's involvement in the conspiracy. The government's theory is that Glass was recruited into a conspiracy with Johnson in October 2024 because R.C. was arrested in July 2024, and S.D. was arrested in September 2024. The government alleges that Johnson and Glass's decision to form a drug-dealing conspiracy is the culmination of the prior couriers being caught by the police. The government asserts that those incidents were necessary preliminaries to the crime charged, they explain why Glass joined the conspiracy, and are part of the story of the crime on trial.

In *United States v. Beeman*, 135 F.4th 139, 146 (4th Cir. 2025), the court explained that for evidence to complete the story of the charged crime, "the evidence of the uncharged conduct must be 'probative of an integral component of the crime on trial or provide information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself.'" *Id.* (quoting *United States v. Brizuela*, 962 F.3d 784, 795 (4th Cir. 2020)). This analysis "requires a hard look to ensure that there is a clear link or nexus between the evidence and the story of the charged offense, and that the purpose for which the evidence is offered is actually essential." *Brizuela*, 962 F.3d at 795.

Taking a hard look here, the evidence relating to prior couriers R.C. and S.D. does not provide necessary contextual information relevant to components of the crimes on trial. Johnson and Glass are charged with a two-person conspiracy and possession with intent to distribute. The

4

government does not assert that these other acts and couriers are part of the same conspiracy. The government argues that these prior acts explain why Glass came to be involved in the conspiracy; however, the impetus behind the conspiracy is not an element of the charged conduct. The government is not required to prove why Glass became involved in the conspiracy and previous couriers are not an integral component of the crimes on trial. Thus, I find that these prior acts are not intrinsic evidence and will consider whether they are admissible as extrinsic evidence under Rule 404(b).

### b. Rule 404(b)

The government bears the burden of establishing that evidence of a defendant's other acts is admissible for a proper purpose. *United States v. Hall*, 858 F.3d 254, 265–66 (4th Cir. 2017). To satisfy this burden, the government must identify each proper purpose for which it will use the other acts evidence and explain how that evidence "fits into a chain of inferences—a chain that connects the evidence to [each] proper purpose, no link of which is a forbidden propensity inference." *Id.* at 266 (quoting *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013)).

Here, the government argues that each of the prior acts are properly admissible under Rule 404(b) as probative of Johnson's knowledge, intent, motive and lack of mistake or accident. The government asserts that Johnson's prior drug trafficking activity between 2019 and 2024 establish that Johnson knew that the bags Glass brought into his house contained cocaine and fentanyl; that the narcotics were intended for Johnson; and that Johnson planned to sell the narcotics. Analyzing the four factors outlined in *United States v. Queen* for admissibility under Rule 404(b), I find that the prior acts that occurred in February 2022 (courier M.S.) and July and September 2024 (couriers R.C. and S.D.) satisfy all four factors and are admissible with a

5

limiting jury instruction. The 2019 incident with C.M. does not meet the relevance factor and is not admissible under Rule 404(b).

### i. Relevance

"In order for evidence of prior drug transactions to be admissible in a drug conspiracy case, the prior acts must be relevant to the charged offense," or "sufficiently related to the charged offense." *United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010) (internal quotations omitted). "The fact that a defendant may have been involved in a drug activity in the past does not in and of itself provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner, place, or pattern of conduct." *Id.* at 297. "[T]he more closely the prior act is related to the charged conduct– either in time, pattern, or state of mind– the more probative it is of the defendant's intent or knowledge in relation to the charged conduct." *Id.* Thus, "[i]n drug cases, evidence of a defendant's prior, similar drug transactions is generally admissible under Rule 404(b) as evidence of the defendant's knowledge and intent." *United States v. Cabrera-Beltran*, 660 F.3d 742, 755 (4th Cir. 2011).

Here, the February 2022, July 2024 and September 2024 incidents are relevant as they are very similar to the charged conduct in time, manner, place and pattern of conduct. These incidents and the charged conduct involve Johnson facilitating the transport of large quantities of cocaine and fentanyl by individual couriers across the country using motor vehicles. These prior acts involve the same types of drugs, in similar large quantities, transported in a similar manner, from the same or similar place across the country. *See Cabrera–Beltran,* 660 F.3d at 755 (evidence is admissible under Rule 404(b) where "conduct charged in the indictment was exceedingly similar" to prior act conduct).

"A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." *United States v. Sanchez,* 118 F.3d 192, 196 (4th Cir. 1997). The 2022 and 2024 similar incidents of drug trafficking are relevant to prove Johnson's "knowledge of the drug trade and suggest that he was an intentional, rather than unwitting, participant in the conspiracy." *Id.* at 195; *see U.S. v. McLean*, No. 13-4335, 581 Fed. Appx. 228, 234–35 (4th Cir. Aug. 12, 2014) (evidence that defendant previously had the knowledge and intent to distribute illegal drugs is probative and relevant to whether he had the knowledge and intent to commit the charged crime); *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004) ("[T]he evidence of [a defendant's prior] drug transactions was relevant and necessary in that it tended to show the existence of a continuing narcotics business....").

Johnson argues that the 2019 incident is distinguishable and is not relevant because it occurred five years before the current charged offense, and it involves alleged drug distribution in a different location, with a different person, in a different manner. Dkt. 7, pp. 5–6. I agree that the 2019 incident is distinguishable from the 2022 and 2024 prior acts. The 2019 incident is more removed in time, although that is only one consideration. *See United States v. McLean*, 581 Fed. Appx. at 235. More significantly, the 2019 incident differs in manner, place and pattern of conduct from the charged offenses. The 2019 events involved distribution of methamphetamine through parcels in the mail; contrasted with the charged conspiracy to have couriers transport cocaine and fentanyl cross country by car. The 2019 incident is missing the required linkage with the charged conduct such that it is admissible for a purpose other than to establish Johnson's character as a "drug trafficker." Thus, the 2019 incident is not sufficiently related to the charged conduct to be admissible under Rule 404(b).

    **ii. Necessary and Reliable**

For purposes of Rule 404(b), evidence of other crimes or bad acts is necessary if it is "an essential part of the crimes on trial, or where it furnishes part of the context of the crime." *Queen*, 132 F.3d at 998 (internal quotation marks omitted). When a defendant pleads not guilty, he places the elements of knowledge and intent in play. *McLean*, 581 Fed. App'x at 235. Here, Johnson has pled not guilty to the charges and contends that he was not aware that the bags Glass brought from his car into Johnson's home after a cross-country trip contained cocaine and fentanyl. Johnson's recent use of couriers to transport large quantities of narcotics cross country by car in 2022 and 2024 is necessary evidence, in that it tends to show the existence of a continuing narcotics business and Johnson's knowledge and intent to distribute the cocaine and fentanyl found in his house. Thus, the evidence of these prior acts goes to Johnson's knowledge, intent, motive, and pattern of conduct. *See United States v. Hodge*, 354 F.3d at 312; *United States v. Sanchez*, 118 F.3d at 196.

Evidence is reliable for purposes of Rule 404(b) "unless it is so preposterous that it could not be believed by a rational and properly instructed juror." *United States v. Aramony,* 88 F.3d 1369, 1378 (4th Cir. 1996) (internal quotation marks omitted). The government asserts that the prior act evidence is reliable because it comes from the testimony of direct witnesses and participants, including S.D. and M.S., and the officers involved in searching the vehicles in the incidents, and the lab analysts who tested the drugs. Johnson argues that the evidence involving M.S. and S.D. is unreliable because both were facing a long prison sentence when they named Johnson. Johnson argues that the prior act relating to R.C. is also unreliable because there is no evidence that Johnson was aware that R.C. was transporting narcotics with Johnson's car.

Johnson's arguments relate to the incentives of the witnesses and the weight of the evidence, which is the proper subject for cross-examination and argument. Johnson does not

establish that the prior act evidence is so preposterous such that it would be unbelievable to a rational juror. Thus, the 2022 and 2024 prior acts evidence is reliable.

### c. Rule 403

Finally, Johnson argues that all four incidents of prior acts should be excluded under Federal Rules of Evidence 403 because their probative value is substantially outweighed by a danger of unfair prejudice, and they create a risk of undue delay and misleading the jury. Dkt. 71, p. 10. "Evidence is unfairly prejudicial and thus should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (internal quotation marks and alteration omitted). In *United States v. Siegel*, the Fourth Circuit noted that general prejudice is not enough to warrant exclusion of otherwise relevant admissible evidence, stating "[e]vidence may be excluded under Rule 403 only if the evidence is *unfairly* prejudicial and, even then, only if the unfair prejudice *substantially* outweighs the probative value of the evidence." 536 F.3d at 319 (emphasis in original). In *Siegel*, the court held that other evidence describing conduct that is substantially similar to the charged conduct does not create a substantial risk that jurors would be excited to irrational behavior. *Id.* at 320.

Here, the 2022 and 2024 prior acts are substantially similar to the charged conduct; they involve the same fact pattern and the same or similar narcotics in large quantities. Presentation of this evidence does not create a substantial risk that jurors will be excited to irrational behavior. Further, "where the district court provides a limiting instruction to the jury, 'the fear that the jury may improperly use the evidence subsides.'" *United States v. Branch*, 537 F.3d at 342, (quoting *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)).

Johnson also alleges that the length of time it will take the government to present the prior act evidence creates a risk of undue delay. While the court prefers that trials proceed as expeditiously as possible, it must also give the government sufficient "latitude during trial to carry its burden of proof." *Seigel*, 536 F.3d at 320 (quoting *United States v. Janati*, 374 F.3d 263, 274 (4th Cir. 2004). A district court's preference for a shorter, more focused trial is not a sufficient basis for the wholesale exclusion of other crime evidence. *Id.*

IV.     Conclusion

Johnson's objection to the government's notice of intent to introduce prior act evidence is **SUSTAINED in part** and **OVERRULED in part**. Evidence relating to the 2019 prior act is not admissible under Rule 404(b) as it is too dissimilar and distant in time from the charged conduct. However, the government may request the court to reconsider the admissibility of such evidence, should it become relevant upon rebuttal or cross-examination of Johnson. Evidence relating to the prior acts that occurred in 2022 and 2024 is admissible under Rule 404(b) and Rule 403 and will be admitted with a limiting instruction.

An appropriate order accompanies this memorandum opinion.

Entered:  March 2, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge